DECISION
Before this Court is the Narragansett Indian Tribe's Objection and Motion to Quash Defendants' Notice of Deposition and Deposition Subpoena Duces Tecum. Defendants filed the subpoenas on the Keeper of Records of the Tribe and are seeking minutes and agendas of the Tribal Assembly and Tribal Council of the Narragansett Indian Tribe for the Calendar Year 1999.
 FACTS/TRAVEL
This case for libel and slander arises out of a written report allegedly authored by the defendants. At the time of the report, all of the named defendants, except Defendant McCaw, were members of the Narragansett Indian Tribe (Tribe). McCaw served as the Tribe's Housing Committee's executive director.
In early 1990, the Tribe applied for a federal grant through the Department of Housing and Urban Development (HUD) in order to construct fifty (50) low to moderate income housing units. Plaintiff Stanton was a member of the housing authority formed by the Tribe in order to oversee the construction of these units. Stanton, along with Mr. Thomas, was also elected member of the Tribal Council.
In January 1999, the Inspector General of HUD issued an audit report concerning the housing project. The basic finding of the report focused on the failure of the relevant tribal authorities to produce any housing under the grant program. In response to this report the Tribe's Housing Committee conducted its own internal hearings regarding the Inspector General's classification of the project as a failure. Defendants, as members of the Housing Committee, interviewed various tribal officials, including the plaintiffs, from April 7, 1999 to June 17, 1999.
On July 17, 1999, based upon the interviews it had conducted, the Housing Committee issued a report. Plaintiffs claim that this report contained libelous statements and initiated the current action.
On March 11, 2002, the defendant served and filed a subpoena duces tecum on the Keeper of Records of the Tribe. The subpoena sought minutes and agendas of the Tribal Assembly and Tribal Council for the Calendar Year 1999. While many of the parties to this action are members of the Tribe, the Tribe itself is not a party to this action. The Tribe filed an objection and motion to quash the subpoena on the grounds of the Tribe's Sovereign Immunity on March 25, 2002. In addition, the Tribe claims that this court has no jurisdiction over the internal affairs of the tribe.
 SOVEREIGN IMMUNITY
The Supreme Court of the United States has classified Indian tribes as "domestic dependent nations that exercise inherent sovereign immunity over their members and territories." Oklahoma Tax Comm'n v. Citizen BandPotawatomi Indian Tribe of Oklahoma, 498 U.S. 505 (1991); see alsoCherokee Nation v. Georgia, 5 Pet. 1, 17, 8 L.Ed. 25 (1831). As such, absent a clear waiver by the tribe or an Act of Congress, a suit against an Indian tribe is barred by the tribe's sovereign immunity. Id. The Narragansett Indian Tribe retains this immunity from uncontested suits, and Congress has not waived the Tribe's immunity.
In United States v. James, 980 F.2d 1314 (9th Cir. 1992), the court found that a non-party tribal official is not subject to a subpoena with respect to tribal records. In James, the defendant, a tribal member, served a subpoena duces tecum on the Director of the Tribe's Department of Social Services seeking records regarding an alleged rape victim's alcohol and drug treatment. The 9th Circuit stated that "[i]t is clear that Indian tribes' immunity from suit remains intact absent express and unequivocal waiver of immunity by the tribe or abrogation of tribal immunity by Congress . . ." Id. at 1319. The Circuit upheld the tribe's claim of sovereign immunity but found that the tribe had waived the right when it voluntarily provided some of the records to the government. Id. p. 1320.
Defendants in this case claim that the Tribe also waived its sovereign rights. This alleged waiver occurred since defendants are in possession of minutes from the Tribal Assembly meetings from the relevant time frame the subpoenas seek to obtain from the Tribe. This Court does not find this fact persuasive. Mere possession by members of the Tribe of minutes of meetings does not evidence an express and unequivocal waiver of immunity by the Tribe. No evidence was presented alleging an express and unequivocal waiver by the Tribe of its sovereign immunity. In addition, there is no evidence that Congress has abrogated the Tribe's Immunity.
Therefore, the Tribe's Motion to Quash Defendants' Notice of Deposition and Deposition Subpoena Duces Tecum is granted.
Counsel shall submit the appropriate order for entry.